UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF ALPHA VESSELCO, LLC, AS OWNER AND OPERATOR OF F/V TERREBONNE BAY, FOR THE EXONERATION OR LIMITATION OF LIABILITY | CIVIL ACTION NO. 6:19-cv-01253 (Lead) 6:19-cv-01194 (Member) 6:20-cv-01301 (Member) 6:20-cv-01349 (Member) 6:21-cv-00287 (Member) JUDGE JUNEAU MAGISTRATE JUDGE HANNA |

## **MEMORANDUM RULING**

Pending before the court is the plaintiff's motion to reopen the case. (Rec. Doc. 7 in Civil Action No. 6:20-cv-01349). The motion is opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is denied.

## **Background**

On August 28, 2019, Wilbert Otis Ross, III was allegedly employed by Alpha VesselCo, LLC and working as a fisherman on the F/V TERREBONNE BAY when he was dragged overboard by the fishing nets and lost his life. This lawsuit was initiated by Jarmaine Brailey, who alleged that he is Mr. Ross's son. Four other lawsuits also arose out of this incident, and they have been consolidated for the purpose of discovery. Among the other suits is one brought by Carrie Fuller, bearing Civil Action No. 6:21-cv-00287. Ms. Fuller alleged that she is Mr. Ross's mother

and personal representative, having been appointed and confirmed as the administratrix of his estate. (Rec. Doc. 1 at 2 in Civil Action No. 6:21-cv-00287).

In his complaint, Mr. Brailey alleged that his father's death was caused by the negligence of his employer and the unseaworthiness of the vessel on which he was working at the time of the incident. Mr. Brailey seeks to recover for his father's allegedly wrongful death and also for the injuries his father sustained during the incident that led to his death.

When Mr. Brailey filed his complaint, he failed to file the required civil cover sheet. He was notified of this deficiency twice – on October 22, 2020 by instant mail and again on October 23, 2020 when a deficiency notice was issued by the Clerk of Court. (Rec. Doc. 2). The deficiency notice advised that a completed and executed civil cover sheet should be filed not later than ten days later in order to remedy the deficiency. But Mr. Brailey took no action to cure the deficiency. Therefore, on March 2, 2021 – more than four months after the complaint was filed – Mr. Brailey's complaint was stricken and the case was closed because the deficiency had not been cured. Mr. Brailey filed a motion to reopen the case (Rec. Doc. 7), and he attached a civil cover sheet to his motion. But the civil cover sheet was blank. (Rec. Doc. 7-1). Three days later, he finally filed a civil cover sheet that was properly filled out. (Rec. Doc. 8).

Defendant Alpha VesselCo, LLC opposes the reopening of the case for two reasons. First, Alpha argued that Mr. Brailey's failure to respect the court's rules justified the striking of the complaint and the closure of the case. Second, Alpha argued that Mr. Brailey lacks capacity to bring this lawsuit.

## Law and Analysis

### A. The Procedural Deficiency

Local Rule 10.1 requires that a "completed and executed Civil Cover Sheet form shall accompany the initial pleading of each civil case to be filed" except in certain situations not relevant here. Mr. Brailey did not comply with this rule; he filed his complaint without a civil cover sheet. The Clerk of Court reminded Mr. Brailey of the rule and gave him an opportunity to correct his omission. (Rec. Doc. 2). Mr. Brailey failed to take advantage of that opportunity and let more than four months go by without attempting to correct his error. Even when he submitted a civil cover sheet for the first time, it was neither completed nor executed. (Rec. Doc. 7 at 1). A completed and signed civil cover sheet was finally filed in the record more than four months after the plaintiff filed his complaint. (Rec. Doc. 8).

A district court's discretionary authority to formulate and enforce local rules for the orderly and expeditious handling of cases is quite broad.[1] Therefore, Mr.

---

[1] *Webb v. Morella*, 457 Fed. App'x 448, 452 (5th Cir. 2012).

Brailey's failure to comply with the local rules – particularly after being advised of the rule and given an opportunity to remedy the deficiency – was an arguably valid basis for striking Mr. Brailey's complaint.  However, the Fifth Circuit has "approached the automatic grant of a dispositive motion, such as a dismissal with prejudice based solely on a litigant's failure to comply with a local rule, with considerable aversion."[2]  Therefore, this Court would likely be inclined to reinstate Mr. Brailey's lawsuit if the delay in submitting a proper civil cover sheet were the only problem with his complaint.  But Alpha also argued that Mr. Brailey lacks capacity to bring this lawsuit, which is a much more serious consideration than the delayed filing of a civil cover sheet.

## B. Mr. Brailey Lacks Capacity to Bring this Suit

Alpha contends that Mr. Brailey lacks the capacity to bring this lawsuit. Although Fed. R. Civ. P. 12(b) does not specifically authorize a motion to dismiss based on a lack of capacity to be sued, "[f]ederal courts. . . traditionally have entertained certain pre-answer motions that are not expressly provided for by the rules or by statutes" including motions raising a lack of capacity to sue or be sued.[3]

---

[2]   See *John v. State of La. (Bd. of Trustees for State Colleges and Universities)*, 757 F.2d 698, 709 (5th Cir. 1985); *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir.1992).

[3]   *Clark v. Lafayette Police Dep't*, No. 18-0058, 2018 WL 3357899, at *1 (W.D. La. June 22, 2018), report and recommendation adopted, 2018 WL 3357257 (W.D. La. July 9, 2018) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1360 (3d Ed. 2004)).

Whether a plaintiff lacks the capacity to sue may be analyzed under Fed. R. Civ. P. 12(b)(6).[4] Under Fed. R. Civ. P. 12(b)(6), the court must limit itself to the contents of the pleadings, including any attachments thereto,[5] accept all well-pleaded facts as true, and view the facts in a light most favorable to the plaintiff,[6] while the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[7] Furthermore, Fed. R. Civ. P. 17(b) instructs that "capacity to sue or be sued shall be determined. . . by the law of the state in which the [c]ourt is located."

Mr. Brailey brought his lawsuit under the Jones Act, the Death on the High Seas Act ("DOHSA"), and the general maritime law. The Jones Act states that a wrongful death action may only be brought by "the personal representative of the seaman."[8] This requirement also applies to claims under the general maritime law.[9] Similarly, only the "personal representative" of the decedent may bring an action

---

[4] See, e.g., *Grambling University Nat'l Alumni Ass'n v. Board of Supervisors for University of Louisiana System*, No. 06-1571-A, 2007 WL 1521461, at *1 (W.D. La. May 23, 2007); *State of Texas v. Ysleta del Sur Pueblo*, 79 F.Supp.2d 708, 712 (W.D. Tex. 1999).

[5] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[6] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

[7] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[8] 46 U.S.C. § 30104. See, also, *Ivy v. Security Barge Lines, Inc.*, 585 F.2d 732, 734 (5th Cir. 1978), modified en banc on other grounds, 606 F.2d 524 (5th Cir. 1979), cert. denied, 446 U.S. 956 (1980).

[9] *Ivy v. Security Barge Lines, Inc.*, 585 F.2d at 734.

under DOHSA.[10] Courts have interpreted the term "personal representative" to mean the court-approved executor or administrator of the decedent's estate.[11] Under the Jones Act, the personal representative holds any recovery in trust for the seaman's beneficiaries.[12]

While Mr. Brailey alleged in his complaint that he was Mr. Ross's son, he did not allege that he had been appointed by a court as the administrator or executor of Mr. Ross's estate, and no documentary evidence was filed along with the complaint in an effort to establish Mr. Brailey's capacity to sue on behalf of Mr. Ross or Mr. Ross's beneficiaries  To the contrary, however, Ms. Fuller filed along with her complaint the letters of administration (Rec. Doc. 1-1) issued by the 15th Judicial District Court, Vermilion Parish, Louisiana, which authorized and empowered her to act as the administratrix of Mr. Ross's estate. Thus, Ms. Fuller established that she has the capacity to sue on behalf of Mr. Ross and his beneficiaries, while Mr. Brailey failed to do so.

---

[10]   46 U.S.C. § 30302. See, also, *In re Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mexico, on April 20, 2010*, MDL No. 2179, 2017 WL 5625811, at *3 (E.D. La. Nov. 22, 2017); *Norfolk Shipbuilding & Drydock Corp. v. Garris*, 532 U.S. 811, 818 (2001).

[11]   *Calton v. Zapata Lexington*, 811 F.2d 919, 921 (5th Cir. 1987).

[12]   *Calton v. Zapata Lexington*, 811 F.2d at 922.

Accordingly, this Court finds that Mr. Brailey lacks the capacity to bring his lawsuit. It would, therefore, be pointless to reinstate his suit. Consequently, the plaintiff's motion to reopen the case will be denied.

## Conclusion

For the foregoing reasons,

IT IS ORDERED that the plaintiff's motion to reopen the case (Rec. Doc. 7) is DENIED.

Signed at Lafayette, Louisiana, this 19th day of March 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE