UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF ALPHA VESSELCO, LLC, AS OWNER AND OPERATOR OF F/V TERREBONNE BAY, FOR THE EXONERATION OR LIMITATION OF LIABILITY | CIVIL ACTION NO. 6:19-cv-01253 (Lead)<br>6:19-cv-01194 (Member)<br>6:20-cv-01301 (Member)<br>6:21-cv-00287 (Member)<br><br>JUDGE JUNEAU<br>MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Currently pending is the motion to dismiss for lack of capacity to sue, which was filed by Alpha VesselCo, LLC in Civil Action No. 6:20-cv-01301 before the above-captioned cases were consolidated.[1] The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion should be GRANTED IN PART and DENIED IN PART.

## Background

Roland Bernard, Jr. was employed by Alpha as a commercial fisherman and a member of the crew of the fishing vessel Terrebonne Bay on April 28, 2019 when he was allegedly injured. He asserted a claim for his alleged injuries. He

---

[1] Rec. Doc. 63 in Civil Action No. 6:20-cv-01301.

subsequently passed away. His sons, Roland Bernard, III and Jarrian Baudoin[2] were substituted as claimants on his behalf.[3] Other lawsuits also arose out of the incident in which Mr. Bernard was allegedly injured, and they were consolidated for the purpose of discovery.[4]

Alpha filed the instant motion, arguing that the claims asserted by Mr. Bernard's sons should be dismissed because neither of them had been appointed by a court as the representative of the Estate of Roland Bernard, Jr. and consequently lacked the capacity to sue on behalf of Mr. Bernard's estate. After the motion to dismiss was filed, the claimants (Roland Bernard, III and Jarrian Baudoin) were allowed to amend their complaint to add Teria Baudoin as an additional claimant. In their third supplemental and amending complaint, they alleged that Teria Baudoin had been appointed as the administratrix of the decedent's estate. In opposition to the motion to dismiss, the claimants argued that the addition of Teria Baudoin to the list of claimants rendered Alpha's motion to dismiss moot.

---

[2] In the second supplemental and amending complaint (Rec. Doc. 54 in Civil Action No. 6:20-cv-01301), the claimants were identified as Roland Bernard, III and Jarrian Baudoin, and they were described as the sons and legal heirs of the decedent, Roland Bernard, Jr. In the memorandum in opposition to Alpha's motion to dismiss and in the third supplemental and amending complaint, however, Jarrian was identified as Jarrian Bernard. (Rec. Docs 66, 67 in Civil Action No. 6:20-cv-01301). This Court will use the original designation "Jarrian Baudoin."

[3] Rec. Doc. 52 in Civil Action No. 6:20-cv-01301.

[4] Rec. Doc. 72 in the consolidated suit record.

## **Law and Analysis**

Alpha contends that Roland Bernard, III and Jarrian Baudoin lack the capacity to bring this lawsuit, and this Court agrees. Although Fed. R. Civ. P. 12(b) does not specifically authorize a motion to dismiss based on a lack of capacity to be sued, "[f]ederal courts. . . traditionally have entertained certain. . . motions that are not expressly provided for by the rules or by statutes" including motions raising a lack of capacity to sue or be sued.[5] Whether a plaintiff lacks the capacity to sue may be analyzed under Fed. R. Civ. P. 12(b)(6).[6] Under Fed. R. Civ. P. 12(b(6), the court must limit itself to the contents of the pleadings, including any attachments thereto,[7] accept all well-pleaded facts as true, and view the facts in a light most favorable to the plaintiff,[8] while the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[9] Furthermore, Fed. R. Civ. P. 17(b) instructs that

---

[5] *Clark v. Lafayette Police Dep't*, No. 18-0058, 2018 WL 3357899, at *1 (W.D. La. June 22, 2018), report and recommendation adopted, 2018 WL 3357257 (W.D. La. July 9, 2018) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1360 (3d Ed. 2004)).

[6] See, e.g., *Grambling University Nat'l Alumni Ass'n v. Board of Supervisors for University of Louisiana System*, No. 06-1571-A, 2007 WL 1521461, at *1 (W.D. La. May 23, 2007); *State of Texas v. Ysleta del Sur Pueblo*, 79 F.Supp.2d 708, 712 (W.D. Tex. 1999).

[7] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[8] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

[9] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"capacity to sue or be sued shall be determined. . . by the law of the state in which the [c]ourt is located."

Mr. Bernard originally brought his lawsuit under the Jones Act and the general maritime law. A Jones Act claim may be prosecuted on behalf of a deceased seaman, but only by "the personal representative of the seaman."[10] This requirement also applies to claims under the general maritime law.[11] Courts have interpreted the term "personal representative" to mean the court-approved executor or administrator of the decedent's estate.[12] Under the Jones Act, the personal representative holds any recovery in trust for the seaman's beneficiaries.[13]

Neither of the decedent's sons alleged that they had been appointed by a court as the administrator or executor of Mr. Bernard's estate, and neither filed any documentary evidence in an effort to establish their capacity to sue on behalf of Mr. Bernard or Mr. Bernard's beneficiaries  Indeed, they alleged in the second supplemental and amending complaint that no succession proceedings had been

---

[10]  46 U.S.C. § 30104.

[11]  *Ivy v. Security Barge Lines, Inc.*, 585 F.2d at 734.

[12]  *Calton v. Zapata Lexington*, 811 F.2d 919, 921 (5th Cir. 1987).

[13]  *Calton v. Zapata Lexington*, 811 F.2d at 922.

4

initiated and no succession representative had been appointed.[14] To the contrary, however, Ms. Baudoin filed along with the third supplemental and amending complaint the letters of administration issued by the 15th Judicial District Court, Vermilion Parish, Louisiana, which authorized and empowered her to act as the administratrix of Mr. Bernard's estate.[15] Thus, Ms. Baudoin established that she has the capacity to sue on behalf of Mr. Bernard and his beneficiaries, while his sons failed to do so.

The claimants argued that Teria Baudoin's qualification as the representative of Mr. Bernard's estate renders the pending motion moot. But Roland Bernard, III and Jarrian Baudoin did not substitute Teria Baudoin in their place as the claimant on behalf of Mr. Bernard; they merely added her as an additional claimant and maintained their own claims. As explained, however, Roland Bernard, III and Jarrian Baudoin lack the capacity to sue on behalf of Mr. Bernard or his estate. Therefore, the motion is not moot.

Because of the filing of the third supplemental and amending complaint and the addition of Teria Baudoin as a claimant after the filing of the motion to dismiss, this Court recommends that the motion to dismiss should be construed as addressing

---

[14]    Rec. Doc. 54 at 2 in Civil Action No. 6:20-cv-01301.

[15]    Rec. Doc. 78-1 at 6 in the consolidated case record.

the capacity to sue of all three claimants. As explained above, Roland Bernard, III and Jarrian Baudoin lack the capacity to bring this lawsuit but Teria Baudoin has established that she does have that capacity. Therefore, the motion to dismiss should be granted as to Roland Bernard, III and Jarrian Baudoin but denied as to Teria Baudoin.

### Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the motion to dismiss, which was filed by Alpha VesselCo, LLC (Rec. Doc. 63 in Civil Action No. 6:20-cv-01301) should be construed as pertaining to all three claimants and should be GRANTED IN PART and DENIED IN PART. More particularly, the motion should be granted to the extent that the claim was asserted by Roland Bernard, III and Jarrian Baudoin, but denied to the extent the claim was asserted by Teria Baudoin.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[16]

Signed at Lafayette, Louisiana, on this 9th day of April 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[16] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).